**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TWANNA FREEMAN,

    Plaintiff,

v.

                                        Case No. 3:23-cv-1289-TJC-SJH

IDEXX LABORATORIES, INC.,
IDEXX DISTRIBUTION, INC.,
LIBBY CHRISTENSEN, SYLVIE
LEBOUTHILLIER, SARAH HARE,
BRIAN DRIES, and SCOTT
COLEMAN,

    Defendants.

_____

# **O R D E R**

**THIS CASE** is before the Court on Defendants IDEXX Laboratories, Inc., IDEXX Distribution, Inc., dba IDEXX Ref Labs, Libby Christensen, Sylvie Lebouthillier, Sarah Hare, Brian Dries, and Scott Coleman's Motion to Dismiss Plaintiff's Verified Complaint, Doc. 20.

Defendants correctly argue there is not individual liability under the Florida Civil Rights Act ("FCRA").[1] Albra v. Advan, Inc., 490 F.3d 826, 834 n.7 (11th Cir. 2007); see also Abram v. Aldi, Inc., No.:8-16-cv-72–EAK–TGW, 2017 WL 11888199, at *4 (M.D. Fla. Aug. 30, 2017) (collecting cases holding the

---

[1] These claims are the Eighth Cause of Action (Retaliation under FCRA) and Ninth Cause of Action (Discrimination under FCRA).

FCRA prohibits individual liability). Similarly, there is no individual liability under the Maine Human Rights Act (MHRA").[2] Fuhrmann v. Staples Off. Superstore E., Inc., 58 A.3d 1083 (Me. 2012). Plaintiff has agreed to withdraw the Eleventh Cause of Action (Aiding and Abetting under FCRA). Doc. 23 at 19.

Only one argument remains – whether the Court should dismiss the §1981 claim against all Defendants.[3] The Court agrees the §1981 claim is not sufficiently plead. Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,

---

[2] These claims are the Twelfth Cause of Action (Discrimination under MHRA) and Thirteenth Cause of Action (Retaliation under MHRA). Plaintiff may have consented to withdraw these claims, but it is unclear because Plaintiff's response indicates consent to withdraw MHRA claims against individual defendants but continues to state she is withdrawing "her Eleventh Cause of Action for Aiding & Abetting under the MHRA," even though there is no such claim. Doc. 23 at 20.

[3] Apart from the First Cause of Action, Discrimination Under §1981, the partial motion to dismiss does not seek to dismiss any remaining claims against the Company Defendants and those claims are not discussed here. These are the Second Cause of Action (Discrimination under Title VII, only against Company Defendants), Third Cause of Action (Retaliation under Title VII, only against Company Defendants), Fourth Cause of Action (Discrimination under the Americans with Disabilities Act, only against Company Defendants), Fifth Cause of Action (Retaliation under the ADA, only against Company Defendants), Sixth Cause of Action (Hostile Work Environment under the ADA, only against Company Defendants), the Seventh Cause of Action (Discrimination under the Age Discrimination in Employment Act, only against Company Defendants), Eighth Cause of Action (Retaliation under FCRA, against all Defendants), Ninth Cause of Action (Discrimination under FCRA, against all Defendants), Tenth Cause of Action (HWE under FCRA, only against Company Defendants) and Thirteenth Cause of Action (Retaliation under MHRA, against all Defendants). The Company Defendants have already answered those claims. Doc. 21.

et al., 589 U.S. 327 (2020) (finding §1981 claims require a "but for" showing of causation to survive motion to dismiss).

In addition to arguments raised by the Defendants, however, the complaint is an impermissible shotgun pleading, because the allegations of each count are improperly incorporated into each subsequent count. See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Accordingly, it is hereby

**ORDERED:**

1. Defendants IDEXX Laboratories, Inc., IDEXX Distribution, Inc., dba IDEXX Ref Labs, Libby Christensen, Sylvie Lebouthillier, Sarah Hare, Brian Dries, and Scott Coleman's Motion to Dismiss Plaintiff's Verified Complaint, Doc. 20, is **GRANTED**. All causes of action against the Individual Defendants under the Florida Civil Rights Act and Maine Human Rights Act are dismissed with prejudice.

2. All remaining portions of the complaint are dismissed without prejudice. Plaintiff shall file an amended complaint no later than **August 30, 2024,** correcting the shotgun pleading deficiencies and addressing the §1981 claims as well, if so inclined.

3. Defendants shall respond to the amended complaint no later than **September 20, 2024**.

4. The Parties shall file a case management report no later than **September 20, 2024.**

5. The hearing previously set for September 10, 2024, Doc. 25, is **CANCELLED**.

**DONE AND ORDERED** in Jacksonville, Florida the 12th day of August, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

ddw
Copies:

Counsel of record